IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SANDRA SIMS, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner )<br>Of Social Security, )<br>)<br>   Defendant. ) | CIVIL ACTION NO. 12-469-N |

ORDER

Plaintiff brought the instant appeal from the unfavorable decision of the Commissioner on plaintiff's claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter has been referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. §636 and Local Rule 72.2(c)(3). The parties have waived oral argument (doc. 18, 21), and have consented to the exercise of jurisdiction by a Magistrate Judge (doc. 19). This action has been referred to the undersigned for all purposes (doc. 20).

Upon review of the record, including particularly the briefs of the parties, it is the determination of this court that the decision of the Commissioner is due to be AFFIRMED.

*Procedural Background*

On August 18, 2009, plaintiff filed for a period of disability, DIB and SSI. Doc. 12 at 111-17. The claim was initially denied on November 30, 2009. Id. at 73. Plaintiff timely filed a Request for Hearing (id. at 78), and an Administrative Law Judge ("ALJ") held a hearing on December 20, 2010; plaintiff was not represented by counsel at the

hearing. The ALJ issued an unfavorable decision[1] on May 24, 2011. Id. at 33. Plaintiff obtained counsel, who filed a request for review to the Appeals Council (id. at 28); plaintiff submitted additional evidence to the Appeals Council, some of which she claimed should have been obtained and considered by the ALJ. The request for review was denied on July 3, 2012, (id. at 4-5) which rendered the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed the instant appeal on July 19, 2012. Doc. 1)

*Issues Presented*

The sole issue raised by plaintiff concerns the ALJ's duty to develop the record. Plaintiff asserts that the ALJ breached that duty by failing to obtain updated medical records from the plaintiff's providers. Plaintiff's counsel submitted the updated records, as well as some other medical records which had been created subsequent to the ALJ's decision, to the Appeals Council. The Appeals Council denied review, finding that the additional records did not provide a basis for changing the ALJ's decision. Doc. 12 at 4-5.

The Commissioner acknowledges the ALJ's duty, and that the ALJ stated on the record at the hearing that she would try to obtain records from Franklin Primary Health Center and Mobile Infirmary Medical Center (doc. 14 at 7). Without confessing to error,

---

[1] Plaintiff was 55 years of age when she filed her claim and 57 years of age at the time of the hearing; she was thus considered a "person of advanced age" under the Social Security regulations. *See* 20 CFR § 404.1563(e). Her past relevant work included jobs as a sitter/companion, and as a cashier/checker. The ALJ found that claimant was insured through December 31, 2013, that she had not engaged in substantial gainful activity, and that she suffered from the following severe impairments: otitis media, carotid artery stenosis, esophageal reflux and arthropathy. However, the ALJ further determined that plaintiff's impairments did not meet or equal a listing, that she had the residual functional capacity to perform light work with certain limitations, and that she was thus not disabled.

the Commissioner also acknowledges that the record at the time of the ALJs decision did not include the Mobile Infirmary records, but states that it did contain the Franklin Primary Health records.  Id., *citing* doc. 12 at 209-232 (Mobile Infirmary records from July 21-25, 2010).  However, according to the Commissioner, even if the court finds that the ALJ erred, the records demonstrate that any error was harmless, particularly as the additional records were considered by the Appeals Council.

*Legal Standard*

Scope of Judicial Review

A limited scope of judicial review applies to a denial of Social Security benefits by the Commissioner. Judicial review of the administrative decision addresses three questions: (1) whether the proper legal standards were applied; (2) whether there was substantial evidence to support the findings of fact; and (3) whether the findings of fact resolved the crucial issues.  Washington v. Astrue, 558 F.Supp.2d 1287, 1296 (N.D.Ga. 2008); Fields v. Harris, 498 F.Supp. 478, 488 (N.D.Ga. 1980). This Court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. If substantial evidence supports the Commissioner's factual findings and the Commissioner applies the proper legal standards, the Commissioner's findings are conclusive. Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir. 1997); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987); Hillsman v. Bowen, 804 F.2d 1179, 1180 (11th Cir. 1986); Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). "Substantial evidence" means more than a scintilla, but less than a preponderance.  In other words, "substantial evidence" means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion and it must be enough to justify a refusal to direct a verdict were the case before a jury.  Richardson v. Perales, 402 U.S. 389 (1971); Hillsman, 804 F.2d at 1180; Bloodsworth, 703 F.2d at 1239. "In determining whether substantial evidence exists, [the Court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). Even where there is substantial evidence to the contrary of the ALJ's findings, the ALJ decision will not be overturned where "there is substantially supportive evidence" of the ALJ's decision.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  In contrast, review of the ALJ's application of legal principles is plenary.  Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995); Walker, 826 F.2d at 999.

Statutory and Regulatory Framework

The Social Security Act's general disability insurance benefits program ("DIB") provides income to individuals who are forced into involuntary, premature retirement, provided they are both insured and disabled, regardless of indigence. *See* 42 U.S.C. § 423(a). The Social Security Act's Supplemental Security Income ("SSI") is a separate and distinct program. SSI is a general public assistance measure providing an additional resource to the aged, blind, and disabled to assure that their income does not fall below the poverty line. Eligibility for SSI is based upon proof of indigence and disability. *See* 42 U.S.C. §§ 1382(a), 1382c(a)(3)(A)-(C). However, despite the fact they are separate programs, the law and regulations governing a claim for DIB and a claim for SSI are identical; therefore, claims for DIB and SSI are treated identically for the purpose of determining whether a claimant is disabled.  Patterson v. Bowen, 799 F.2d 1455, 1456 n

.1 (11th Cir. 1986). Applicants under DIB and SSI must provide "disability" within the meaning of the Social Security Act which defines disability in virtually identical language for both programs. See 42 U.S.C. §§ 423(d), 1382c(a)(3), 1382c(a)(3)(G); 20 C.F.R. §§ 404.1505(a), 416.905(a). A person is entitled to disability benefits when the person is unable to

> Engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Commissioner of Social Security employs a five-step, sequential evaluation process to determine whether a claimant is entitled to benefits. See 20 C.F.R. §§ 404.1520, 416.920 (2010).

> (1) Is the person presently unemployed?
>
> (2) Is the person's impairment(s) severe?
>
> (3) Does the person's impairment(s) meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?[2]
>
> (4) Is the person unable to perform his or her former occupation?
>
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).

---

[2] This subpart is also referred to as "the Listing of Impairments" or "the Listings."

The burden of proof rests on a claimant through Step 4. *See* Phillips v. Barnhart, 357 F.3d 1232, 1237–39 (11th Cir. 2004). Claimants establish a *prima facie* case of qualifying disability once they meet the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. Id.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). Id. at 1238–39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. Id. It also can contain both exertional and nonexertional limitations. Id. at 1242–43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. Id. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines, 20 C.F.R. pt. 404 subpt. P, app. 2 ("grids"),or hear testimony from a vocational expert (VE). Id. at 1239–40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. Id. at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." Id.

*Discussion*

The additional Franklin Primary Health Center records (doc. 12 at 233-263) include:

1/23/12 Progress note: lists complaints as headache, left leg pain, lower back pain, and states that plaintiff was there to complete a form for disability but that the doctor cannot

complete the chart.  The record noted marked limitation in range of motion in plaintiff's knees, left shoulder and left wrist, as well as diminished strength in her left wrist: she received refills of prescriptions for Lortab [7.5 mg, 60/month], Valium, and new medications Indocin and depomedral.

6/22/11 Missed appointment notation.

5/20/11 Progress note: diagnoses of chronic sinusitis, osteoarthritis in her hands and knees, severe chronic pain, insomnia, and opiate dependency

5/25/11[3]  A radiologist's report which found nothing in plaintiff's right or left knee or her sinuses, but found 'mild linear subpleural scarring versus atelectasis in the lower left lobe' of her lungs.

2/2/11  Progress note: ear pain and infection, pain in her hands (found no swelling or objective signs), anemia and acid reflux

10/25/10  Progress note: complaints of insomnia, and swelling in hands, feet, and legs.  Examination revealed no edema, redness or swelling.  Prescribed meloxicam.

10/11/10  Progress note:  complaints of insomnia, headache, mouth hurts, swollen ears, leg and hand pain.  Examination showed no objective signs.  Various tests were ordered.  Prescription for meloxicam [15 mg, 1/day] for arthralgia.

9/24/10  Progress note: complaints of migraine, need refills, sleep aid, point pain, acid reflux.  The doctor notes that plaintiff is a "poor historian" and that he needs the Mobile Infirmary records to evaluate her hospital visit.  Plaintiff was treated for depression, anemia, and headache.

8/13/10  Progress note: ear infection noted, complained of insomnia, acid reflux and a fever.

7/21/10  Progress note: follow up appointment

5/18/12  Assessment form: presented with right ear infection: diagnosis was made of otitis extreme, pharyngitis and rhinitis.

1/23/12  Lab results: negative

10/25/10  Lab results, urinalysis: negative or trace.

5/23/11  Lab reults:  negative, except elevated cholesterol and triglycerides.

---

[3] The ALJ issued her decision on May 24, 2011.  Thus, only records dated prior to that date arguably would have been available had the ALJ sought updated records.

2/3/11  Lab results: negative except for elevated 'RDW'.

10/12/10  Lab results: negative except for low 'MCH' and 'MCHC', and elevated 'RDW'.

7/21/10  Lab results: notation, admitted to hospital, nausea, vomiting.  Resistant staphylococcus aureus Heavy Growth; negative for strep, influenza..

In addition, plaintiff's counsel states that records exist which show that plaintiff obtained a handicapped parking permit. It does not appear that plaintiff's counsel has submitted any documentation to the Commissioner or to the court proving that plaintiff applied for or was granted a handicapped parking permit.  This fact has not been proven, but would not make a difference in the court's analysis.  See e.g., Riccard v. Commissioner of Social Sec., 2012 WL 6106408 (M.D.Fla. December 10, 2012)(granting of handicapped parking permit of little relevance).

Plaintiff's counsel states that the additional records are important because they "show the severity of Plaintiff's complaints along with the frequency with which the Plaintiff sought treatment."  Doc. 13 at 3.  These new records offer more examples of treatment similar to those already in the administrative record and considered by the ALJ; the additional evidence is thus merely incremental, arguably bolstering the prior evidence of ongoing health problems but not demonstrating greater concern by plaintiff's physicians, more compelling evidence of the debilitating effects of plaintiff's conditions, or a new diagnosis or substantially altered residual functional capacity.

The Appeals Council considered the additional evidence.  The Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); Ingram v. Comm'r of Soc. Sec. Admin., 496

F.3d 1253, 1261 (11th Cir. 2007).  The Commissioner found that the additional evidence did not require the alteration of the ALJ's decision.

Reviewing the evidence of record, including the newly filed evidence prior to the ALJ's decision, the court finds that there is no likelihood that the ALJ's decision would have been altered had she had such additional evidence before her; the ALJ's stated reasons for finding that plaintiff was not disabled apply with equal force despite the addition of the cumulative evidence to the same effect.  Though not expressly and separately raised by the plaintiff, the court also finds that the ALJ's decision remains supported by substantial evidence in light of the supplemented record.

## Conclusion

For the foregoing reasons, it is hereby ORDERED that the decision of the Commissioner is AFFIRMED.  Judgment shall be entered in favor of the Commissioner.

DONE this the 30th day of January, 2013.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE